In re J.L. HELMS a/k/a J. Lynn Helms, Debtor.

In re Vincent ROGGIO, Debtor.

In re BIRCHMINSTER FARMS, Debtor.

In re COMMONWEALTH FINANCE AND REALTY COMPANY LIMITED, Debtor.

In re DEVON INDUSTRIES, LTD., Debtor.

In re DEVON SHIPPING, LTD., Debtor.

In re FRANKLIN ASSOCIATES, Debtor.

In re GALLOWAY LAKES CORPORATE CENTER, INC., Debtor.

In re INDUSTRIAL INDUSTRIES, INC., Debtor.

In re MID-STATES LEASING CORP., Debtor.

In re OCEANIA CHARTERS, Debtor.

In re PLEASANT VALLEY LAND, Debtor.

In re PRINCE DEVELOPMENT, LTD., Debtor.

In re R & H INVESTMENT CO., Debtor.

In re The INDUSTRIAL WELDING CO., Debtor.

In re UNICORN INTERNATIONAL ONE, S.A., Debtor.

In re UNICORN NAVIGATION THREE, S.A., Debtor.

In re UNICORN TWO, S.A., Debtor.

Bankruptcy Nos. 5–84–00159, 5–84–00171, 5–84–00343, 5–84–00400, 5–84–00459, 5–

84–00322, 5–84–00726, 5–84–00330, 5–84–00288, 5–84–00370, 5–84–00406, 5–84–00401, 5–84–00329, 5–84–00319, 5–84–00287, 5–84–00369, 5–84–00367 and 5–84–00368.

United States Bankruptcy Court,
D. Connecticut.

May 2, 1985.

Larry Glick, Kaye, Scholer, Fierman, Hays & Handler, New York City, for Richard Dicker, Trustee of the Estate of J. Lynn Helms.

Donald Lee Rome, John P. Preysner, Robinson & Cole, Hartford, Conn., for Carroll G. Moore, Trustee of the Estate of Vincent Roggio.

Mark D. Bloom, Greenberg, Traung, Askew, Hoffman, Liputl, Rosen & Quentel, P.A., Miami, Fla., for The Toronto-Dominion Bank.

Jonathan S. Bowman, Cohen & Wolf, P.C., Bridgeport, Conn., for The Toronto-Dominion Bank.

Robert F. O'Malley, Jr., Smathers & Thompson, Miami, Fla., for Peninsula Federal Sav. and Loan Assn.

Douglas Strauss, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for Connecticut Nat. Bank.

James Berman, Zeisler & Zeisler, P.C., Bridgeport, Conn., for Unsecured Creditors' Committee.

Howard B. Linett, Linett & Walsh, G. Joseph Lawler, Bridgeport, Conn., for Gordon D. Craig, Inc.

Vincent Nitido, Jr., Carmody & Torrance, Waterbury, Conn., for Johnson Associates and Thompson, Venuate, Steinback & Associates, Inc.

## MEMORANDUM AND DECISION

ALAN H.W. SHIFF, Bankruptcy Judge.

The trustees of the estates of J.L. Helms a/k/a J. Lynn Helms and Vincent Roggio (debtors) seek authorization to administer property of the Helms, Roggio, and above named related entities ("related debtors") without regard to whether particular prop-

erty is property of any particular estate. The trustees also seek authorization for the professional persons retained by the trustees to apply for compensation from the Helms or Roggio estates or the estate of any related debtor, regardless of which estate the services were rendered to.

## BACKGROUND

The trustees were appointed by this court on April 16, 1984 because of the magnitude of irregularities evident in the prepetition management of the assets of the debtors' estates. It was alleged at the time of their appointment that Roggio had handled most of the business assets of the Helms-Roggio ventures but that Roggio was unclear as to the location, condition, and accuracy of the books and records of the various entities.[1] Subsequently, in an attempt to locate, preserve, and administer the Helms and Roggio estates, the trustees filed petitions commencing the cases of the related debtors.

The Helms-Roggio holdings were as varied in form as in content. Helms and Roggio held title individually to certain real and personal property, other property was held by a Helms-Roggio partnership, and the remainder was held in corporate form. The types of property involved included a yacht, commercial vessels, a marina, a private airplane, a horse farm, an office building, residential property, resort property, and land held for commercial and residential development. It is claimed that Helms-Roggio property is located in several states, including Florida, South Carolina, Virginia, Maryland, Pennsylvania, New Jersey, New York, Connecticut, Tennessee, Texas, and California and that banks in Florida, Washington, D.C., Maryland, Pennsylvania, New York, and Connecticut, among others, extended credit of tens of millions of dollars in connection with that property.

The trustees and their attorneys and accountants have worked diligently since their appointments, attempting to account for the assets of the respective estates and to liquidate available assets at a price in excess of valid encumbrances. They contend, however, that they have been hampered in the performance of their duties by a lack of funds and argue that the instant motion will facilitate the administration of each of the estates.[2] The trustees repeatedly emphasize that they are not requesting the substantive consolidation of any of the estates with its attendant increase in administrative duties.[3] Rather, they limit their motion to a request for specific powers which, they argue, are consistent with this court's authority under Code § 105(a).[4]

## DISCUSSION

The issue raised here appears to be one of first impression. I have not found, nor have any of the parties furnished, any direct authority for the powers sought by the trustees. The closest means of achieving that result is substantive consolidation. Substantive consolidation is accomplished through the equitable powers of the court pursuant to Code § 105(a) rather than through any Code section or Bankruptcy Rule which directly addresses the issue. *In re Richton Int'l Corp.*, 12 B.R. 555 (Bankr.S.D.N.Y.1981). Following that reasoning, the trustees assert that their re-

1. Memorandum of Law in Support of Creditors' Motions for Appointment of Trustees, pp. 14–15 (filed in the Helms and Roggio cases March 26, 1984) and Annexes B and C, which are depositions of Vincent Roggio in February and March 1984.

2. Trustees have not been appointed for any of the related debtors, and the trustees of the Helms and Roggio estates do not seek to foreclose the possibility of the appointment of a trustee in any of the cases by this motion.

3. This court notes that while the trustees are specifically not seeking substantive consolidation, the legal authority they provided in support of the motion was limited to rulings on motions for substantive consolidation.

4. Code § 105(a) provides:
   The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

quest may also be accomplished pursuant to § 105(a). I disagree.

To allow the trustees the powers they request would be essentially to grant each of them the powers of a trustee in each of the sixteen related debtor estates, without the concomitant duties imposed upon a trustee by the Bankruptcy Code. They request, for example, the power to administer all property of the Helms, Roggio, and related debtor estates without even the obligation to file a final account for the administration of the assets of the related debtors. *See* Code §§ 1106(a)(1) and 704(9). The trustees also request, as noted, authorization with respect to application for professional fees.

While it is clear that the trustees face difficult tasks in these cases and that substantive consolidation, if requested, would not be out of the question for some combination of the estates, I cannot permit the merger of assets at the expense of the legitimate rights and claims of identifiable creditors. In deciding whether substantive consolidation would be appropriate in a given case, an important factor would be whether there are creditors who have treated one debtor as a distinct and separate entity. Under those circumstances, substantive consolidation would not be allowed as that result would be manifestly prejudicial to such creditors. *In re Food Fair, Inc.*, 10 B.R. 123 (Bankr.S.D.N.Y.1981), *citing Chemical Bank v. Kheel*, 369 F.2d 845 (2d Cir.1966). Here the trustees seek the benefits of substantive consolidation, but would have no duty to even attempt to identify the creditors of the related debtors. As the motion is drafted, creditors who negotiated with and extended credit to a particular debtor would undoubtedly be prejudiced.

The Helms, Roggio, and related debtor cases have been complicated both individually and as they interact since the first petition was filed by J. Lynn Helms in March, 1984. Undoubtedly, there are areas which the trustees cannot explore without greater access to funds. I cannot, however, permit the trustees to deplete the assets of some estates in an attempt to locate and acquire funds for the benefit of creditors of other estates, particularly as the trustees have failed to demonstrate that such an exploration will achieve a net benefit for the unsecured creditors of any estate. Put another way, if the motion were to succeed, the trustees could force the creditors of some estates to fund a search for assets of other estates without assurance that the funding creditors would participate in any recovery. Such a result should not be permitted in a court of equity.

### ORDER

For the foregoing reasons the trustees' motion for an administrative order to facilitate the administration of the Helms, Roggio, and sixteen related debtor estates is denied and judgment may enter accordingly, pursuant to Bankruptcy Rule 9021(a).

So ORDERED.